UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL P. ALARCON,

               Plaintiff,

    - against -

PARKS, RECREATION & MUSEUMS,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
15-CV-339 (RRM)(GRB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* Michael P. Alarcon commenced this action on January 15, 2015, against his former employer. Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C §§ 621–34 ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.* ("ADA").[1] The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order and directs Plaintiff to submit an amended complaint within 30 days of the date this Order is entered on the docket.

## BACKGROUND

This is Plaintiff's fifth employment discrimination action in this Court concerning his employment with the Nassau County Parks Department ("Parks Department"). In 2006, he filed

---

[1] Plaintiff also filed a letter seeking this court's disqualification on the basis of a lawsuit filed against the undersigned as a result of Plaintiff's dissatisfaction with the dismissal of a prior employment discrimination action. (*See* Letter (Doc. No. 7); *Alarcon v. Mauskopf*, No. 10-cv-1695 (JBW)(JMA) (E.D.N.Y. April 8, 2010.) That lawsuit was dismissed on the basis of absolute immunity. (*See id.* Mem. & Judgment (Doc. No. 6).) A judge is not disqualified just because a litigant sues or threatens to sue him. *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978). *See United States v. Whitesel*, 543 F.2d 1176, 1181 (6th Cir. 1976), *cert. denied,* 431 U.S. 967 (1977). Obviously a litigant should not be enabled to judge-shop merely by making written attacks upon or filing a complaint against the assigned judge. *United States v. Bray*, 546 F.2d 851, 857–58 (10th Cir. 1976); *Martin-Trigona, supra*, at 1243. Plaintiff alleges no other grounds to suggest bias, prejudice, or any other reason for disqualification, and this court knows of no such reasons.

an action against Defendant[2] alleging that his working conditions as a seasonal or part-time park worker were unsafe. His claims under Title VII, ADA, ADEA, 42 U.S.C. § 1983, and other federal and state labor laws were dismissed for failure to state a claim.[3] His next action, against his union, CSEA Local 1000.830, was dismissed for failure to state a claim after the court afforded Plaintiff an opportunity to amend his complaint. *See Alarcon v. CSEA Local 1000.830*, No. 09-CV-1740 (DLI)(LB). Plaintiff's next employment discrimination action against the Parks Department, filed in 2012, was dismissed for failure to exhaust his administrative remedies or allege facts in support of his claims. *See Alarcon v. Nassau County Parks*, No. 12-CV-5922 (RRM)(ETB). Plaintiff withdrew his most recent employment discrimination complaint against the Parks Department. *See Alarcon v. Nassau Cnty. Parks & Recreation Museums*, No. 13-CV-651 (RRM)(GRB).

## BACKGROUND

Plaintiff initiated this action on January 15, 2015. The following facts are taken from the complaint and the appended November 24, 2014 Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue ("EEOC Right-to-Sue letter"), the allegations of which are presumed to be true for purposes of this Memorandum and Order.

The gravamen of Plaintiff's lawsuit is that he was terminated on June 12, 2012 in retaliation for "a complaint of difficulty breathing" at the "sewer plant building in bay park." (Compl. at 6.) He states he filed a "complaint Oct 29, 2012 Case # 10154896" because his termination violated the "C.B.A. [collective bargaining agreement]." (*Id.*) He filed a charge

---

[2] The full name of the defendant is Nassau County, Department of Parks, Recreation and Museums. (*See* Compl. (Doc. No. 1) at 7 (ECF Pagination).)
[3] Though the defendant in that case stated that Plaintiff was employed by the Parks Department rather than the Department of Public Works ("DPW"), as the Court previously stated, "Plaintiff's claims as pled are equally unavailing whether they are directed at Defendant DPW or the Parks Department." *See Alarcon v. Nassau County Public Works,* No. 06-CV-5187 (RRM)(ETB) (Doc. No. 31).

2

with the EEOC regarding defendant's alleged discriminatory conduct on September 13, 2014. (*Id.*).

Given the paucity of relevant facts alleged, the precise nature of Plaintiff's discrimination claims is unclear. Plaintiff used a complaint form to file this action, and within it he inconsistently refers to the bases for this action. For purposes of this Order, the Court presumes that Plaintiff brings this action pursuant to Title VII, the ADA, and the ADEA because he chooses all three federal statutes on the first page of the form complaint. (*Id.* at 1.) The only reference to any type of discrimination in the statement of facts, however, is "retaliation for a complaint of difficulty breathing" (*id.* at 6); he alleges no facts regarding his membership in a protected class or circumstances giving rise to an inference of discrimination. Plaintiff merely selects race and gender as the bases of discrimination and completes two portions of paragraph seven of the complaint form identifying his age ("born in 1961 . . . more than 40 years old.") and disability ("obstructive lung disease"). (*Id.* at 3.) Pages four and five of the complaint deal solely with the collective bargaining agreement and worker's compensation benefits – they do not refer in any way to a federal employment discrimination claim. (*Id.* at 4–5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are presumed to be true, the same presumption does not apply to legal conclusions. *Id.* In reviewing a *pro se* complaint, the Court will hold it "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v.*

3

*Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills,* 582 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff fails to state a claim for employment discrimination because he fails to allege facts to support a claim under the ADA, ADEA, or Title VII.

To establish a *prima facie* discrimination case under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinnery v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citations omitted); *see also Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (outlining disability *prima facie* test).

Similarly, establishing a *prima facie* claim of age discrimination under the ADEA requires that a claimant demonstrate (1) he was within the protected age group *i.e,* over the age of 40 at the time of the alleged discriminatory conduct, 29 U.S.C. § 623(a)(1); (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the

4

adverse action occurred under "circumstances giving rise to an inference of discrimination." *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001).

Lastly, Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1). To establish a *prima facie* case of Title VII discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) was qualified for the position he held, and (3) suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. *See Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010).

To the extent Plaintiff may wish to raise an ADA claim, the fact that he had "difficulty breathing" at some point during his employment with the Parks Department is not sufficient to state a claim. Plaintiff has not established any of the elements of an ADA claim – he does not alleged that he is covered by the ADA, that he suffers from a disability within the meaning of the ADA, that he was qualified to perform his job, or that there was any connection between an adverse employment action and his disability or perceived disability. Likewise, if he wishes to allege a retaliation claim, he must set forth facts in support of it and cannot simply conclude that his employer retaliated against him.

Plaintiff alleges no facts in support of any potential discrimination claims under Title VII or the ADEA. He alleges no facts regarding his membership in a protected class, nor any circumstances that could give rise to an inference of discrimination. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions [and must] plausibly suggest an entitlement to relief.");

5

*Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (stating that although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make his claim plausible).

The complaint, therefore, lacks "facial plausibility," as Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's employment discrimination claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Should he still wish to pursue an employment discrimination claim, Plaintiff may submit an amended complaint within thirty (30) days of the date this Order is entered on the docket and provide facts in support of his claim or claims. *Ruston*, 610 F.3d at 59; *Arista Records LLC*, 604 F.3d at 120–21.

## CONCLUSION

The complaint fails to state a claim under Title VII, the ADA or the ADEA – that is, any of the three federal statutes under which Plaintiff could have filed this action. However, in light of this Court's duty to liberally construe *pro se* complaints, Plaintiff is given thirty (30) days from the date of this Memorandum and Order to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff have a basis for a claim of employment discrimination, he should provide facts in support of such claim(s) and demonstrate that he has exhausted his administrative remedies on this claim or other claims in his amended complaint. Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace the complaint.

The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until further order of the Court.

If Plaintiff fails to amend his complaint within thirty (30) days of the date this Order is entered on the docket, the Court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully requested to mail a copy of the Memorandum and Order to plaintiff pro se and note the mailing on the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York  
     August 16, 2015

ROSLYNN R. MAUSKOPF  
United States District Judge