UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MICHAEL P. ALARCON,

        Plaintiff,

        - against -

NASSAU COUNTY, DEPARTMENT OF
PARKS, RECREATION AND MUSEUMS,[1]

        Defendant.
---------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-339 (RRM)(GRB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff, Michael P. Alarcon, proceeding *pro se*, commenced this action *in forma pauperis* on January 15, 2015, against his former employer, Nassau County, Department of Parks, Recreation and Museums ("Parks Department"). Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (the "ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.* (the "ADA"). By an Order dated August 16, 2015, the Court found that plaintiff had failed to state a claim under any of the three statutes and ordered him to file an amended complaint which he did on September 11, 2015. For the reasons set forth below, plaintiff's ADA, Title VII, and ADEA claims are dismissed without prejudice for failure to state a claim on which relief may be granted.

## BACKGROUND

    Plaintiff was employed by defendant as a part-time park worker until 2012. (Am. Compl. (Doc. No. 9) at 4.)[2] In 2006, plaintiff began suffering from a work-induced pulmonary disability,

---

[1] The Clerk of Court is directed to update the docket to reflect the full name of the defendant: Nassau County, Department of Parks, Recreation and Museums.

[2] For ease of reference, the page numbers cited throughout this document refer to the ECF pagination.

which was later exacerbated by assignment to a sewage treatment plant. (*Id.* at 13–14, 38.) On April 11, 2012, plaintiff objected to his work assignment and was granted a transfer from Bay Park Maintenance to North Woodmere Park Maintenance effective June 1, 2012. (*Id.* at 10–11, 18.) On June 6, 2012, just five days after his transfer, plaintiff's new supervisor at North Woodmere Park, Nancy Seiffert, terminated him because he refused to work with the seasonal maintenance crew. (*Id.* at 30.) Seiffert stated in the termination notice that plaintiff refused to "take any direction from [her] maintenance crew"; specifically he refused to use a garbage bag and gloves to clean up refuse along the shore line and refused to use a "garbage picker" due to "an elbow injury." (*Id.*) Instead, he "chose to go home." (*Id.*) The termination order became effective on June 19, 2012. (*Id.*)

On June 19, 2012, plaintiff filed a request for disciplinary review with his union, seeking reinstatement, back pay, and to have his "file expunged." (*Id.* at 23.) In the request, plaintiff wrote that he "had done nothing to warrant" his termination. (*Id.*) On September 13, 2014, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 6.) On November 24, 2014, the EEOC issued him a notice of his right to sue. (*Id.* at 8.) On January 15, 2012, plaintiff filed the instant action. (Compl. (Doc. No. 1) at 5.) Plaintiff has previously filed four other employment discrimination actions in this Court concerning his employment with the Parks Department.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff fails to state a claim for employment discrimination because he fails to allege facts to support a claim under the ADA, ADEA, or Title VII. The Second Circuit has recently held that at the pleadings stage of an employment discrimination case, a plaintiff has just a "*minimal* burden" of alleging facts "suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). However, the amended complaint is completely devoid of factual allegations under these statutes.

To establish a *prima facie* discrimination case under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering

3

from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinnery v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citations omitted); *see also Brady v. Wal–Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (outlining disability *prima facie* test).

Similarly, establishing a *prima facie* claim of age discrimination under the ADEA requires that a claimant demonstrate (1) he was within the protected age group (*i.e,* over the age of 40 at the time of the alleged discriminatory conduct); (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under "circumstances giving rise to an inference of discrimination." *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001).

Lastly, Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1). To establish a *prima facie* case of Title VII discrimination, a plaintiff must show that (1) he is a member of a protected class; (2) was qualified for the position he held; and (3) suffered an adverse employment action; (4) under circumstances giving rise to an inference of discrimination. *See Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010).

Plaintiff has failed to state a claim under the ADA because he does not allege that there was any connection between an adverse employment action and his disability or perceived

disability. He provides few facts in his amended complaint, and instead attaches dozens of pages of medical records from which the reader is expected to extract information in support of his claims. A few of the medical records concern plaintiff's medical care around the time of his diagnosis of "c.o.p.d. [chronic obstructive pulmonary disease]," (Am. Compl. at 3), but the majority from 2012 to date concern his treatment for work-related respiratory difficulties and other medical issues. In the amended complaint, plaintiff states that defendant has "demonstrate[d] a callous disregard for his safety," and in 2012, treated him unfairly by assigning him to a sewage treatment plant. It is unclear how long he worked in the sewage treatment plant, but he admits he was reassigned when requested. Plaintiff alleges that he was terminated within a month of that reassignment "because of false allegations." (*Id.* at 5, 23.) He alleges in conclusory fashion that his termination was "unfair, unwarranted, was unfit, bias, prejudice (broken terms agreement)." (*Id.* at 5.) Crucially, he does not allege that his termination was due to his disability or state facts suggesting that his termination was connected to his disability. In fact, he lists multiple reasons for his termination, all of which appear to be non-discriminatory.

Plaintiff also alleges no facts in support of any potential discrimination claims under Title VII or the ADEA. While plaintiff may be covered by the ADEA[3] and Title VII,[4] he completely fails to connect his age, race, color, religion, sex or national origin to an adverse employment action as required by the statutes. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal

---

[3] Plaintiff is covered under the ADEA because he is over the age of forty. (*Id.* at 3.)
[4] Plaintiff alleges that he is covered by Title VII due to his race, however, he listed "prejudice" as the race that he was discriminated for. (*Id.*)

5

conclusions [and must] plausibly suggest an entitlement to relief."); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (stating that although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make his claim plausible).

The Court finds that the amended complaint does not have "facial plausibility" as to the ADA, Title VII, and ADEA claims because plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Ruston*, 610 F.3d at 59; *Arista Records*, 604 F.3d at 120–21. Accordingly, plaintiff's ADA, Title VII, and ADEA claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The complaint is dismissed. The Clerk of Court is directed to enter judgment accordingly, mail a copy of the judgment and this Memorandum and Order to plaintiff *pro se*, and close the case.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
January 29, 2016